**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50543 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01657-LAB |
| v. | |
| CARLOS RUIZ-ARAGON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 14, 2016**

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Carlos Ruiz-Aragon appeals from the district court's judgment and

challenges the three-year term of supervised release imposed following his guilty-

plea conviction for attempted reentry of a removed alien in violation of 8 U.S.C.

§ 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ruiz-Aragon contends that the district court procedurally erred by relying on clearly erroneous facts and failing to explain adequately the three-year term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record shows that the district court adequately explained its determination that a term of supervised release was necessary as a deterrent in this particular case. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Ruiz-Aragon's contention, the court did not presume that the government would not prosecute him were he to again return illegally, nor did it impose supervised release in this case based on a "blanket policy."

Ruiz-Aragon next contends that the term of supervised release is substantively unreasonable, and that the court unreasonably exercised its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007) when it expressed its disagreement with the Guidelines' recommendation against supervised release for deportable aliens. In light of Ruiz-Aragon's immigration and criminal history, the imposition of a three-year term of supervised release in this case was consistent with the Guidelines and was not an abuse of discretion. U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**

14-50543